IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINK LOTUS ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | CASE NO. 1:11-cv-8338 <br><br> Judge: Honorable Samuel Der-Yeghiayan |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY KLINT CHRISTENSEN SHOULD NOT BE FOUND IN CONTEMPT OF COURT, FOR RENEWED DEPOSITION SUBPOENA AND FOR FEES AND COSTS**

By this motion, Plaintiff, by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 45(e) and 37(b)(2)(A)(vii), hereby moves this Court for an order to show cause why deponent Klint Christensen should not be found in civil and/or criminal contempt of this Court for his willful disregard of a Court-authorized deposition subpoena served on Mr. Christensen for his deposition that was scheduled to take place on April 10, 2012, and his willful failure to attend that deposition. Plaintiff further moves that the Court to permit Plaintiff to depose Mr. Christensen in the near future. Finally, Plaintiff moves for an award of reasonable fees and costs to compensate it for the failure of Mr. Christensen to attend a deposition.

**BACKGROUND**

Plaintiff brought this case against an unknown individual for copyright infringement and civil conspiracy on November 21, 2011. (ECF No. 1.) In order to help identify the unknown infringer, Plaintiff sought to depose the account holder of the Internet Protocol ("IP") address associated with the infringement—Klint Christensen. (*See* ECF No. 9.) The Court granted

1

Plaintiff's motion on March 20, 2012. (*Id.*) Plaintiff served the deposition subpoena on Mr. Christensen on March 23, 2012. (*See* Subpoena and Affidavit of Service, attached hereto as Exhibit A.) On April 10, 2012, the date set for the deposition to take place, Plaintiff's counsel arrived to take Mr. Christensen's deposition. (*See* Declaration of Paul Duffy [hereinafter "Duffy Decl."] ¶¶ 2, 3, attached hereto as Exhibit B.) Deponent Christensen, however, did not appear. (*See id.* ¶ 3.) The deposition, therefore, did not take place. (*See id.*) Plaintiff incurred considerable expense in preparing for and arraigning the deposition of Mr. Christensen. (*See id.* ¶ 4.)

## DISCUSSION

The Court should grant Plaintiff's three requested forms of relief. Part I argues that the Court should enter an order to show cause why Mr. Christensen should not be found in contempt of this Court. Part II argues that the Court reschedule the deposition of Mr. Christensen. Part III argues that Plaintiff should be awarded reasonable fees and costs.

**I.    THE COURT SHOULD ENTER AN ORDER TO SHOW CAUSE WHY MR. CHRISTENSEN SHOULD NOT BE FOUND IN CONTEMPT OF COURT**

Mr. Christensen willfully disregarded the Plaintiff's court-authorized subpoena and the Court's order granting Plaintiff leave to issue the subpoena. Under the Rules, courts have the authority to hold in contempt persons who disobey valid subpoenas and court orders. Fed. R. Civ. P. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); Fed. R. Civ. P. 37(b)(2)(A)(vii) (if a deponent "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."). The Court authorized the Plaintiff's deposition of Mr. Christensen on March 20, 2102. (ECF No.

9.) Plaintiff served the court-authorized deposition subpoena on Mr. Christensen on March 23, 2012. (Ex. A.) Mr. Christensen was, therefore, fully aware of the pending deposition. Mr. Christensen did not move to quash the subpoena or file anything with the Court to indicate he would not comply with the subpoena. When the time came for the April 10, 2012 deposition, however, Mr. Christensen did not appear. (Duffy Decl. ¶ 3.) The deposition did not take place even though Plaintiff incurred considerable expense in arraigning it. (*Id.* ¶¶ 3, 4.) Plaintiff respectfully requests that the Court enter an order to show cause why Mr. Christensen should not be found in contempt of Court for his willful disregard for the subpoena and the Court's order authorizing the same.

## II.     THE COURT SHOULD RESCHEDULE THE DEPOSITION OF MR. CHRISTENSEN

Mr. Christensen's non-compliance with Plaintiff's original deposition subpoena should not excuse his requirement to allow Plaintiff to depose him. The Court has already authorized the Plaintiff's deposition of Mr. Christensen. (ECF No. 9.) Due solely to Mr. Christensen's willful disregard for Plaintiff's court-authorized subpoena, the deposition has not yet taken place. Plaintiff respectfully requests that the Court authorize Plaintiff to issue a second deposition subpoena on Mr. Christensen in order for Plaintiff to continue its investigation into the identity of the infringer of its copyrighted works.

## III.    PLAINTIFF SHOULD BE AWARDED REASONABLE FEES AND COSTS FOR MR. CHRISTENSEN'S WILLFUL NON-COMPLIANCE

Plaintiff incurred considerable expense in preparing for and arraigning the deposition of Mr. Christensen. (Duffy Decl. ¶ 4.) Mr. Christensen should be required to compensate Plaintiff for this expense, because Mr. Christensen failed to comply with the Court's order authorizing the deposition. Fed. R. Civ. P. 37(b)(2)(C) (if an individual fails to comply with a court order, "the

court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") Mr. Christensen has provided no justification or reason as to why he failed to comply with the Court's order authorizing Plaintiff's subpoena. The Court should, therefore, require Mr. Christensen to compensate Plaintiff for the unnecessary expense it incurred as a result of Mr. Christensen failure to comply with the Court ordered subpoena. *EEOC v. Appleton Elec. Co.*, 586 F. Supp. 1108 (N.D. Ill. 1984) (awarding attorney's fees and costs to the plaintiff because the defendant did not comply with plaintiff's subpoena and delayed the litigation). As laid out more thoroughly in the attached Declaration of Paul Duffy, Plaintiff's costs and fees for its efforts in relation to the April 10, 2012 deposition, and drafting and filing the above motion total $2,140 (Duffy Decl. at ¶ 4.) This amount is entirely reasonable under the circumstances. Plaintiff respectfully requests that the Court award Plaintiff reasonable fees and costs for Mr. Christensen's willful non-compliance.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order to show cause why Mr. Christensen should not be found in contempt of Court for willful disobedience of a court order. Plaintiff further requests that the Court authorize Plaintiff to issue a second deposition subpoena on Mr. Christensen. Finally, Plaintiff requests that the Court award Plaintiff reasonable fees and costs for Mr. Christensen's willful non-compliance.

[intentionally left blank]

Case: 1:11-cv-08338 Document #: 10 Filed: 05/02/12 Page 5 of 6 PageID #:24

                                              Respectfully submitted,

                                              PINK LOTUS ENTERTAINMENT, LLC

DATED: May 2, 2012

                                              By:    /s/ Paul Duffy
                                                     Paul Duffy (Bar No. 6210496)
                                                     Prenda Law Inc.
                                                     161 N. Clark St., Suite 3200
                                                     Chicago, IL 60601
                                                     Phone: 312-880-9160
                                                     Fax: 312-893-5677
                                                     E-mail: paduffy@wefightpiracy.com
                                                     *Attorney for Plaintiff*

5

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on May 2, 2012, I have caused a true copy of the foregoing to be served up the following individual by U.S. Mail First Class, postage prepaid:

Klint Christensen
1222 Lencioni Ct.
Geneva, IL 60134

                                                  /s/ Paul A. Duffy
                                                  Paul A. Duffy, Esq.